QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Karin Kramer (Bar. No. 87346)
  karinkramer@quinnemanuel.com
  Thomas R. Watson (Bar No. 227264)
  tomwatson@quinnemanuel.com
  Nathan Sun (Bar No. 284782)
  nathansun@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff TIBCO SOFTWARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBCO SOFTWARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. <br><br> Defendants. | CASE NO. 5:14-cv-02782 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff TIBCO Software Inc. ("TIBCO") for its complaint against defendants Bank of America Corporation; Bank of America, National Association; Merrill, Lynch, Pierce, Fenner & Smith, Inc. (collectively "Global Bank Defendants") hereby alleges:

## PARTIES

1.      Plaintiff TIBCO is a Delaware corporation, with its principal place of business at 3303 Hillview Avenue, Palo Alto, California 94304-1213.

2.      Upon information and belief, Defendant Bank of America Corporation ("BAC") is a Delaware corporation principally located in Charlotte, North Carolina, with offices and substantial business operations within this judicial district.

3. Upon information and belief, Defendant Bank of America, National Association ("BANA") is a Delaware corporation principally located in Charlotte, North Carolina, with offices and business operations within this judicial district. BANA is a wholly owned subsidiary of BAC.

4. Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPF&S") is a Delaware corporation principally located in New York, New York, with offices and substantial business operations within this judicial district. Upon information and belief, MLPF&S is a wholly owned subsidiary of BAC.

5. Each of the Global Bank Defendants acted in concert with their co-Defendants in carrying out the unlawful and willful conduct alleged in this complaint.

**JURISDICTION**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the copyright laws of the United States, Title XVII of the United States Code, and this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because this action includes claims that are related to the copyright claim and those supplemental claims form part of the same case or controversy as the copyright infringement claim.

7. Personal jurisdiction exists over the Global Bank Defendants because each has a place of business in the State of California and regularly transacts business in the State of California, including within the Northern District of California, resulting in sufficient minimum contacts with this forum.

8. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action may be assigned on a district wide basis. Because TIBCO is located in this judicial district and has its world headquarters in Palo Alto, California, County of Santa Clara, and because the claims for relief asserted in the complaint arise in said County, TIBCO submits that this action should be

1  administered out of and in the San Jose Division of this District, consistent with Local Rule 3-

2  2(h).

3  **BACKGROUND FACTS**

4      10.     TIBCO is a global leader in infrastructure and business intelligence software.

5  TIBCO's software provides customers with solutions for integration challenges in the cloud, on-

6  premise, or when building a hybrid architecture.  As part of its business, TIBCO licenses others to

7  use TIBCO's software for their respective integration needs.

8      11.     TIBCO has assisted BANA by licensing solutions for its software integration needs

9  for more than 10 years.  Similarly, TIBCO has also had a longstanding relationship with MLPF&S

10  that pre-dated its acquisition by BAC, by virtue of BAC's acquisition of Merrill Lynch & Co.,

11  which continues through today.  TIBCO has licensed software to support the Global Bank

12  Defendants' businesses and business lines.

13      12.     On or about May 28, 2004, TIBCO and BANA, on behalf of itself and its

14  Affiliates, entered into a written Master Software License and Maintenance Agreement.  The

15  agreement was later renamed as the Master Software License, Customization and Services

16  Agreement (hereinafter "Master Agreement"[1]).  On or about October 30, 2009, TIBCO and

17  BANA, on behalf of itself and its Affiliates, executed a written Second Addendum to the Master

18  Agreement (hereinafter "Second Addendum"), that *inter alia*, terminated Merrill Lynch & Co. and

19  MLPF&S's pre-acquisition agreements and made them subject to the Master Agreement.

20      13.     On or about February 27, 2010, TIBCO and BANA, on behalf of itself and its

21  Affiliates, executed a written Third Addendum to the Master Agreement (hereinafter "Third

22  Addendum").  Subject to specified restrictions, TIBCO granted the Global Bank Defendants in the

23  Third Addendum a license to deploy various software products ("TIBCO Software") for a three

24  year period (hereinafter the "Enterprise Term").  The Global Bank Defendants were further

25  entitled, for a fee, to certain maintenance of the TIBCO Software.

26  _____

27     [1]  The Master Agreement and its addenda described herein will be collectively referred to as
the "Master Agreement" unless otherwise noted.

28

14.     The license granted by TIBCO to the Global Bank Defendants contained specific restrictions concerning the deployment and creation of copies of the TIBCO Software.  The specific terms of the Master Agreement are governed by a confidentiality provision.

15.     At least between February 27, 2010 and February 26, 2013, the Global Bank Defendants accessed TIBCO's download portal and downloaded copies of TIBCO Software, including but not limited to the following products:

- TIBCO Hawk
- TIBCO Hawk Workstation
- TIBCO Adapter for Siebel
- TIBCO BusinessEvents Enterprise Edition
- TIBCO ActiveMatrix Adapter for SAP
- TIBCO ActiveSpaces Enterprise Edition
- TIBCO Rendezvous
- TIBCO Enterprise Message Service
- TIBCO ActiveMatrix Adapter for PeopleSoft
- TIBCO Adapter for SWIFT
- TIBCO ActiveMatrix Service Bus
- TIBCO ActiveMatrix Service Grid
- TIBCO ActiveMatrix Adapter for Database
- TIBCO ActiveMatrix Adapter for Files (Unix/Win)
- TIBCO ActiveMatrix Adapter for WebSphere MQ
- TIBCO Adapter for LDAP
- TIBCO Adapter for Oracle Applications
- TIBCO Syndera Operation Suite
- TIBCO BusinessWorks COBOL Copybook Plug-in (which was renamed TIBCO ActiveMatrix BusinessWorks Plug-in for Data Conversion prior to February 26, 2013)

COMPLAINT AND DEMAND FOR JURY TRIAL

1   (collectively the "TIBCO Registered Software").   TIBCO has registrations or has filed copyright

2   applications and related deposits for the TIBCO Registered Software.

3     16. The Enterprise Term expired on February 26, 2013.

4     **A.** **<u>Merrill Lynch One Integration Project</u>**

5     17. Approximately six months after the Enterprise Term expired, TIBCO learned that

6   the Global Bank Defendants began rolling out a large integration initiative called Merrill Lynch

7   One.  Upon information and belief, Merrill Lynch One was designed to transform how advisors

8   deliver advice, while providing the MLPF&S's clients and advisors access to Merrill Lynch's

9   Investment advisory program through a single set of workflows, fees, paperwork, and

10  communications.

11    18. Upon information and belief, TIBCO understands that the initial roll out of the

12  Merrill Lynch One project began in September 2013—more than 6 months after the expiration of

13  the Enterprise Term—to an initial group of 400 MLPF&S advisors, and an additional 14,000

14  advisors will migrate to the Merrill Lynch One platform this year.

15    19. Upon information and belief, the Global Bank Defendants make use of copies of

16  certain TIBCO Software, including TIBCO Registered Software, for the Merrill Lynch One

17  project.

18    20. Upon information and belief, the Global Bank Defendants do not have licensed

19  copies of the TIBCO Registered Software, and have instead made unauthorized copies and used

20  the same for the Merrill Lynch One Project.

21    21. The Master Agreement obligated the Global Bank Defendants to provide TIBCO

22  with written notice of the Number of Units deployed in Production and Non-Production use during

23  the term of the license within sixty days after the end of the Enterprise Term  (hereinafter the

24  "Deployment Report").  The purpose of this provision is to give TIBCO an accurate snapshot of

25  the authorized number of licensed copies of TIBCO Software the Global Bank Defendants had

26  under the Master Agreement.

27    22. Although the Global Bank Defendants were obligated to provide TIBCO with the

28  Deployment Report no later than April 26, 2014, the Global Bank Defendants provided TIBCO

COMPLAINT AND DEMAND FOR JURY TRIAL

with the Deployment Report on October 15, 2013, almost 6 months late.  The Deployment Report was provided to TIBCO only after the initial Merrill Lynch One roll out in September 2013.

23.     Upon information and belief, the Deployment Report showed that the Global Bank Defendants misstated (and, in fact, overstated) the number of licensed copies of TIBCO Software, including TIBCO Registered Software, in existence at the end of the Enterprise Term.  Upon information and belief, the Global Bank Defendants did this, among other reasons, so that they could claim the right to use TIBCO Software copies, including TIBCO Registered Software copies, they did not otherwise have the authorized right to make or use at the end of the Enterprise Term for, including but not limited to, its Merrill Lynch One integration initiative and concurrent user migration.

24.     Thus, upon information and belief, the Global Bank Defendants have made and used unauthorized copies of the TIBCO Software, including TIBCO Registered Software, both before and after the Enterprise Term, as part of the Merrill Lynch One integration initiative and concurrent user migration.

**B.     The Global Bank Defendants' Stockpiling of Software**

25.     Upon information and belief, the Global Bank Defendants have declared in their Deployment Report Production and Non-Production licenses for TIBCO Software, including TIBCO Registered Software, that resides on their Production and Non-Production servers.

26.     Upon information and belief, the Global Bank Defendants have wrongly and misleadingly declared that numerous copies of the TIBCO Software residing on their servers are for either "Production" or "Non-Production" use for the purpose of wrongly and without authorization from TIBCO stockpiling copies of TIBCO Software, including TIBCO Registered Software, for future projects and future use, in violation of the express terms of the Master Agreement.

27.     Moreover, TIBCO is informed and believes, and upon such information and belief alleges that a specific group of the Global Bank Defendants' servers contain copies of TIBCO Software, including TIBCO Registered Software, that have not been used for Production or Non-Production purposes either during the Enterprise Term or after, and that all such copies are

therefore unauthorized. As a result, the Global Bank Defendants have made and used unlicensed copies of TIBCO Software, including TIBCO Registered Software, that were never in Production or Non-Production use to support the Global Bank Defendants' business, which exceed the scope of the license grant and violates TIBCO's exclusive copyrights in the TIBCO Registered Software.

28. Finally, the Global Bank Defendants have made hardware upgrades to their servers that increased processing capabilities for TIBCO Software, including TIBCO Registered Software, in Production and Non-Production usage, thereby also making unauthorized copies of the TIBCO Software in contravention of the Master Agreement with TIBCO and in violation of United States copyright laws.

## C. The Global Bank Defendants' Software Bundle Deployment Strategy

29. Solely for convenience and expediency, the Global Bank Defendants deployed numerous unauthorized images (or copies) of bundled TIBCO Software, that included TIBCO Registered Software, during the Enterprise Term that were not used to support the business of the Global Bank Defendants and that otherwise represented unauthorized copies of the TIBCO Software (hereinafter the "TIBCO Idle Software").

30. Yet, upon information and belief, the Global Bank Defendants have claimed and misappropriated for themselves unauthorized Production copies and licenses to the TIBCO Idle Software. The only permissible copies and licenses of TIBCO Software under the Master Agreement were for Production or Non-Production use (or Development, which is not applicable here). Upon information and belief, Global Bank Defendants made unauthorized copies for other purposes, including TIBCO Registered Software copy stockpiling, which is neither Production nor Non-Production.

31. Upon information and belief, the Global Bank Defendants continue to make and use unauthorized and unlicensed TIBCO Idle Software copies.

## D. The Global Bank Defendants' Additional Unlicensed Copying After the Enterprise Term Expired

32. TIBCO is informed and believes, and upon such information and belief alleges that the Global Bank Defendants continue to introduce new software applications that interoperate with

1   the TIBCO Registered Software, and thereby have made unauthorized copies of TIBCO

2   Registered Software, after the Enterprise Term.

3        33.    The Global Bank Defendants do not have Production (or any other) licenses for

4   these copies of TIBCO Registered Software.

5        **E.    Additional Deployment Report Misstatements Made by the Global Bank**
          **Defendants**

6

7        34.    Upon information and belief, the Global Bank Defendants have improperly

8   declared Production licenses and copies in their Deployment Report for certain TIBCO Software,

9   including TIBCO Registered Software, that was deployed only as part of a pilot program before

10  the Enterprise Term expired.

11       35.    In addition, upon information and belief, the Global Bank Defendants declared

12  Production licenses and copies for all of their potential users of certain TIBCO Software in the

13  Deployment Report even though not all users were using or had a need to use the TIBCO Software

14  at the time the Enterprise Term expired.

15       36.    In summary, upon information and belief and knowledge about the state of the

16  Global Bank Defendants' deployments at the end of the Enterprise Term and after, comparing that

17  knowledge with Global Bank Defendants' Deployment Report, and recognizing the Global Bank

18  Defendants' need for TIBCO Software for the Merrill Lynch One project, the Global Bank

19  Defendants:  (1) made, and continue to make, unlicensed copies, distributions, displays and/or

20  reproductions of TIBCO Registered Software after the Enterprise Term; (2) made unlicensed

21  copies, distributions, displays and/or reproductions of TIBCO Registered Software during the

22  Enterprise Term where such TIBCO Software was not in Production or Non-Production use; (3)

23  incorrectly reported Production and Non-Production TIBCO Software, including TIBCO

24  Registered Software, licenses and copies in their Deployment Report; and (4) increased processing

25  capabilities for, and therefore unauthorized copies of, TIBCO Software, including TIBCO

26  Registered Software, for Production and Non-Production usage.

27       37.    On several occasions between February 2013 and May 2014, TIBCO offered the

28  Global Bank Defendants an opportunity to cure, and even offer a justification for, the unauthorized

COMPLAINT AND DEMAND FOR JURY TRIAL

copying of TIBCO Software and breaches of the Master Agreement previously referenced, but the Global Bank Defendants failed and refused to do so.

38.     TIBCO is currently unable to ascertain the full extent of the monetary damages it has suffered by reason of the Global Bank Defendants' copyright infringement and related breach of contract, but believes the value of the unauthorized copies the Global Bank Defendants have made and/or claimed exceeds $300,000,000.

39.     Pursuant to the terms of the Master Agreement, disputes "relating to infringement of Intellectual Property Rights" are not subject to mediation or arbitration.  The copyright infringement, breach of contract, and specific performance claims herein all relate to each other, and, therefore, none of them is arbitrable.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §§ 101, *et seq.*

40.     Plaintiff TIBCO incorporates by reference each of the allegations contained in the foregoing Paragraphs 1 through 39.

41.     In compliance with the Copyright Regulations, TIBCO has registered or filed with the Copyright Office copyright applications, registration fees, and deposits of the works being registered.  TIBCO is the owner of all right, title and interest to the registrations and copyright applications for the TIBCO Registered Software.

42.     The effective date of each application and copyright registration is the day on which the application, deposit and fee were received in the Copyright Office. 17 U.S.C. § 410(d). Therefore, the effective date of the copyright registrations at issue are, among others:

| Registration / Case No. | Effective Date | TIBCO Registered Software |
|---|---|---|
| TX0007845818 | 6/6/2014 | TIBCO Hawk 4.0.0 (which is the same code as TIBCO Hawk Workstation) |
| TX0007845817 | 6/8/2014 | TIBCO Adapter for Siebel 5.0.1 |
| TX0007848608 | 6/13/2014 | TIBCO BusinessEvents Enterprise Edition 3.0.0 |
| 1-1489226731 | 6/8/2014 | TIBCO ActiveMatrix Adapter for SAP 6.0.0 |
| 1-1489086217 | 6/8/2014 | TIBCO ActiveSpaces Enterprise Edition 1.0.0 |
| 1-1489086182 | 6/6/2014 | TIBCO Rendezvous 8.0.0 |

| 1-1489086147 | 6/6/2014 | TIBCO Enterprise Message Service 5.0.0 |
|---|---|---|
| 1-818386740 | 6/6/2014 | TIBCO ActiveMatrix Adapter for PeopleSoft 6.0.0 |
| 1-1489086302 | 6/10/2014 | TIBCO Adapter for SWIFT 5.0.1 |
| 1-1489226637 | 6/10/2014 | TIBCO ActiveMatrix Service Grid 2.0.0 (which includes the software for TIBCO ActiveMatrix Service Bus 2.0.0) |
| 1-1504420527 | 6/13/2014 | TIBCO ActiveMatrix Adapter for Database 6.0.0 |
| 1-1507004522 | 6/13/2014 | TIBCO ActiveMatrix Adapter for Files (Unix/Win) 6.0.0 |
| 1-1507000732 | 6/13/2014 | TIBCO ActiveMatrix Adapter for WebSphere MQ 6.0.0 |
| 1-1506760547 | 6/13/2014 | TIBCO Adapter for LDAP 5.0.1 |
| 1-1507076937 | 6/13/2014 | TIBCO Adapter for Oracle Applications 5.0.1 |
| 1-1506759682 | 6/13/2014 | TIBCO Syndera Operation Suite 3.3.0 |
| 1-1509515122 | 6/16/2014 | TIBCO ActiveMatrix BusinessWorks Plug-in for Data Conversion 3.0.0 (which previously was named TIBCO BusinessWorks COBOL Copybook Plug-in) |

43.     The TIBCO Registered Software is comprised of original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* TIBCO has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in, to and under the copyrights in the copyrighted TIBCO Registered Software.

44.     As the owner of the copyrights in the TIBCO Registered Software, TIBCO enjoys the exclusive right to, among other things, reproduce, made derivative works of, display and distribute the TIBCO Registered Software. 17 U.S.C. §§ 101, 106.

45.     Upon information and belief, the Global Bank Defendants have been and are reproducing, distributing, displaying, and using the copyrighted TIBCO Registered Software without authorization from TIBCO.

46.     The Global Bank Defendants have infringed the copyrights in the TIBCO Registered Software by, *inter alia*, (1) making, and continuing to make, unlicensed copies, distributions, displays and/or reproductions of TIBCO Registered Software after the Enterprise

1  Term; and (2) making unlicensed copies, distributions, displays and/or reproductions of TIBCO

2  Registered Software during the Enterprise Term where such TIBCO Registered Software was not

3  in Production or Non-Production use.

4        47.     At all times relevant hereto, the Global Bank Defendants have been aware or

5  should have been aware of the existence of TIBCO's copyrights in the TIBCO Registered

6  Software and therefore, the Global Bank Defendants are willful infringers of TIBCO's copyrights.

7        48.     TIBCO is entitled to recover from the Global Bank Defendants the damages it has

8  sustained as a result of these wrongful acts.

9        49.     The infringement of TIBCO's copyrights by the Global Bank Defendants will

10  cause imminent harm to TIBCO's reputation and goodwill unless restrained by this Court.  The

11  Global Bank Defendants' infringement will irreparably harm TIBCO's business and deprive it of a

12  competitive advantage. TIBCO has no adequate remedy at law for the Global Bank Defendants'

13  infringement.

14  **<u>SECOND CLAIM FOR RELIEF</u>**

15  **BREACH OF CONTRACT**

16        50.     Plaintiff TIBCO incorporates by reference each of the allegations contained in the

17  foregoing Paragraphs 1 through 49.

18        51.     From May 29, 2004 through February 26, 2013, the written Master Agreement

19  governed the Global Bank Defendants' right to use the TIBCO Software.

20        52.     Under the terms of the written Master Agreement, the Global Bank Defendants

21  were obligated to provide TIBCO with a Deployment Report within sixty days after the end of the

22  Enterprise Term.

23        53.     The Deployment Report was provided to TIBCO almost six months late, and did

24  not accurately reflect the Number of Units the Global Bank Defendants deployed in Production

25  and Non-Production during the Enterprise Term.

26        54.     In addition, the Global Bank Defendants migrated the TIBCO Software to servers

27  with enhanced core capacity in breach of the Master Agreement.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

55. The obligations of the Global Bank Defendants under the terms of the Master Agreement were in effect at all relevant times.

56. TIBCO performed all conditions, covenants and promises under the Master Agreement.

57. By at least making unauthorized copies of the TIBCO Software both during and after the Enterprise Term, providing an inaccurate and late Deployment Report, improperly declaring Production and Non-Production licenses, and by migrating TIBCO Software to servers with enhanced core capacity, the Global Bank Defendants breached the terms of the Master Agreement.

58. TIBCO is entitled to recover from the Global Bank Defendants the damages it has sustained as a result of these wrongful acts.

59. TIBCO has been and is continually and irreparably damaged as a result of the Global Bank Defendants' breaches of the Master Agreement, and has no adequate remedy at law. The Global Bank Defendants' unlawful conduct will continue to damage TIBCO unless enjoined by this Court.

60. The Global Bank Defendants' conduct as alleged herein warrants termination of the Master Agreement, and TIBCO reserves its right to amend its complaint to seek all remedies it is entitled to following such termination, as well as for the Global Bank Defendants' past breaches.

**THIRD CLAIM FOR RELIEF**

**SPECIFIC PERFORMANCE**

61. Plaintiff TIBCO incorporates by reference each of the allegations contained in the foregoing Paragraphs 1 through 60.

62. TIBCO and the Global Bank Defendants entered into a written Master Agreement that governed the Global Bank Defendants' right to use the TIBCO Software that is sufficiently definite and certain in its terms to be enforced.

63. The consideration was adequate and the Master Agreement was just and reasonable as to the Global Bank Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

64.     TIBCO performed all conditions, covenants and promises under the written Master Agreement.

65.     By at least making unauthorized copies of the TIBCO Software both during and after the Enterprise Term, providing an inaccurate and late Deployment Report, improperly declaring Production and Non-Production licenses, and by migrating TIBCO Software to servers with enhanced core capacity, the Global Bank Defendants breached the terms of the Master Agreement.

66.     TIBCO has been and is continually and irreparably damaged as a result of the Global Bank Defendants' breaches, and has no adequate remedy at law.  The Global Bank Defendants' unlawful conduct will continue to damage TIBCO unless enjoined by this Court.

67.     The Global Bank Defendants cannot rely upon the statute of frauds as an affirmative defense in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Global Bank Defendants as follows:

A.     Declare that the Global Bank Defendants have infringed TIBCO's copyrighted TIBCO Registered Software.

B.     Pursuant to 17 U.S.C. § 502, temporarily, preliminary, and permanently enjoin the Global Bank Defendants, their  officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, from infringing the copyrighted TIBCO Registered Software in any manner, and from reproducing and preparing derivative works from the copyrighted TIBCO Registered Software.

C.      Pursuant to 17 U.S.C. § 503, order the impounding of all unlicensed copies, including all executing and archival copies, of the copyrighted TIBCO Registered Software.

D.     Pursuant to 17 U.S.C. § 504, order an accounting of all gains, profits and advantages derived by the Global Bank Defendants from their copyright infringement, and order the Global Bank Defendants to pay to TIBCO the actual damages that TIBCO has sustained and

1 │ the Global Bank Defendants' profits attributable to their copyright infringement, including treble

2 │ damages for willful infringement.

3 │      E.     Enter judgment against the Global Bank Defendants in an amount equal to

4 │ TIBCO's actual damages as determined by the Court.

5 │      F.     Declare that the Global Bank Defendants breached the Master Agreement.

6 │      G.     Enter judgment in TIBCO's favor and against the Global Bank Defendants for

7 │ breach of the Master Agreement, in an amount to be determined, plus any interest allowed by law.

8 │      H.     Order the Global Bank Defendants to specifically perform the covenants agreed to

9 │ in the Master Agreement.

10 │      I.     Grant such other and further relief as the Court may deem just and proper.

11 │

12 │ DATED: June 16, 2014          QUINN EMANUEL URQUHART &

13 │                               SULLIVAN, LLP

14 │

15 │                       By  /s/*Claude M. Stern*

16 │                          Claude M. Stern

                         Attorneys for Plaintiff TIBCO SOFTWARE INC.

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff TIBCO Software Inc. demands a jury trial in this action.

3

4   DATED: June 16, 2014                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
5

6

7                                           By  /s/Claude M. Stern
                                               Claude M. Stern
8                                              Attorneys for Plaintiff TIBCO SOFTWARE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28